Ronald L. Pallmann, Fairview Hgts, Ill., Robert D. Albright, Salem, Ill., for plaintiff Salem Nat. Bank.

S. Gene Schwarm, Vandalia, Ill., for debtors/defendant.

Pamela J. Lacey, Benton, Ill., for Trustee.

Frederick J. Hess, U.S. Atty., Stephen B. Clark, Asst. U.S. Atty., East St. Louis, Ill., for F.H.A.

**In re Larry J. SMITH and Frances H. Smith, Debtor(s).**

**SALEM NATIONAL BANK, Plaintiff(s),**

v.

**Larry J. SMITH, U.S.A., acting through Farmers Home Administration, and Bob G. Kearney, Trustee, Defendant(s).**

Bankruptcy No. 87–30430.
Adv. No. 87–0125.

United States Bankruptcy Court, S.D. Illinois.

Jan. 28, 1988.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter comes before the Court on the complaint of Salem National Bank ("plaintiff") to determine the nature, extent and priority of liens. Plaintiff and defendant, the United States of America, have filed cross-motions for summary judgment. Plaintiff and defendant are secured creditors, each claiming a superior interest in the proceeds of debtors' 1985 crops.

The undisputed facts show that debtors, over a period of years from 1972 to 1984, executed a total of ten promissory notes to defendant. To secure repayment of these notes, debtors granted defendant a security interest in crops growing or to be grown on certain described real estate. Each of these notes provided for payment by annual installments due on January 1. As of November 20, 1984, debtors were in default on these notes in the amount of $132,-669.00. On January 1, 1985, additional installments came due to defendant in an amount exceeding $85,000.00.

On May 20, 1985, debtors obtained a loan from plaintiff in the amount of $75,000.00 to finance production of their 1985 crops. At that time debtors granted plaintiff a security interest in all crops to be grown on certain described real estate. The real estate in question was the same as that described in defendant's security agreements.

Subsequently, within three months following execution of plaintiff's security agreement, debtors planted corn and soybeans on portions of the property described in the security agreements of plaintiff and defendant. The crops were harvested and sold, yielding payments in the amount of $72,447.22. Checks issued for these crops were endorsed by the parties and placed in the custody of this Court pending a determination of which party has priority to the proceeds of debtors' 1985 crops by virtue of their respective security interests.

Both plaintiff and defendant had perfected their security interests in debtors' crops by filing financing statements pursuant to the provisions of the Uniform Commercial Code ("UCC"). Defendant's financing statements were filed in 1973 and 1980 and were subsequently continued, while plaintiff filed its financing statement on May 22, 1985. Plaintiff now seeks a determination of which party's perfected security interest has priority under the provisions of the UCC governing priority among conflicting security interests in the same collateral.

Under the "first to file" rule of UCC section 9–312(5)(a), defendant's security interest would be prior to that of plaintiff by reason of defendant's earlier filing. Plain-tiff, however, maintains that its security interest is entitled to priority under UCC section 9–312(2), which sets forth a special priority rule with regard to perfected security interests in crops. Section 9–312(2) provides:

> A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three months before the crops become growing crops by planting or otherwise takes priority over an earlier security interest *to the extent that such earlier interest secures obligations due more than six months before the crops become growing crops by planting or otherwise,* even though the person giving new value had knowledge of the earlier security interest.

Ill.Rev.Stat. ch. 26, ¶ 9–312(2). (Emphasis added).

As noted, section 9–312(2) constitutes an exception to the general priority rule of section 9–312(5)(a). This provision is limited, however, to those security interests coming within its narrow scope, and a subsequent security interest in crops that would otherwise qualify for priority under this section is entitled to priority over an earlier perfected interest only to the extent that the earlier interest "secures obligations due more than six months before the crops become growing crops." For purposes of this section, it has been held that "due" means "overdue." *See In re Connor,* 733 F.2d 523, 525 (8th Cir.1984); *United States v. Minster Farmers Cooperative Exchange, Inc.,* 430 F.Supp. 566, 570 (N.D.Ohio 1977); *see also Decatur Production Credit Ass'n. v. Murphy,* 119 Ill.App.3d 277, 74 Ill.Dec. 765, 773, 456 N.E.2d 267, 275 (1983). Thus, with respect to obligations that are not six months overdue or in default at the time the crops are planted, the holder of the earlier security interest has a superior interest in the crops under section 9–312(5)(a).

In the instant case, plaintiff argues that its security interest in debtors' crops is entitled to priority over the competing interest held by defendant because, at the

time the crops in question were planted, the payments owed to defendant on November 20, 1984, in the amount of $132,-669.00, were more than six months overdue. Thus, plaintiff asserts, section 9–312(2) applies to give its security interest in debtors' crops priority over defendant's earlier perfected interest to the extent of the overdue obligations held by defendant.

Defendant does not dispute the priority of plaintiff's security interest with regard to payments that were due to defendant on November 20, 1984, but argues, rather, that it retained priority as to the additional payments coming due under its installment notes on January 1, 1985, which was less than six months before the crops in question were planted. Since these installment payments, in an amount exceeding $85,000, were not "due" until January 1 and thus were not "overdue" until that time, defendant maintains that section 9–312(2) did not apply to give plaintiff priority over defendant's earlier perfected security interest as to these payments.

Defendant's position is supported by the decisions of *In re Connor*, 733 F.2d 523, and *United States v. Minster Farmers Cooperative Exchange, Inc.*, 430 F.Supp. 566, in which the courts similarly considered whether section 9–312(2) applied to give subsequently perfected security interests priority as to obligations that were payable in installments coming due less than six months before crops were planted. Both the *Connor* and *Minster Farmers* courts held that, for purposes of section 9–312(2), obligations evidenced by the installment notes in question became "due" at the time the annual installment payments were payable and not when the notes were initially entered into. Since, in *Connor* and *Minster Farmers*, there were installments due the government within six months of the planting of the crops involved, the courts found that section 9–312(2) was not applicable and that priority of the parties' respective security interests must be determined by the time of filing under section 9–312(5)(a).

In the instant case, the Court adopts the reasoning of the *Connor* and *Minster*

*Farmers* cases that the installment notes held by defendant did not become "due" for purposes of section 9–312(2) until time for the annual installment payments on January 1. We find nothing in the case cited by plaintiff, *Decatur Production Credit Ass'n. v. Murphy*, 119 Ill.App.3d 277, 74 Ill.Dec. 765, 456 N.E.2d 267, that would lead to an opposite conclusion. Since defendant's installment payments that came due on January 1, 1985, were less than six months overdue at the time the 1985 crops were planted, section 9–312(2) did not apply to give plaintiff priority, and defendant had priority as to these payments in an amount exceeding $85,-000.00 under the "first to file" rule of section 9–312(5)(a).

Defendant, accordingly, has a superior right to the proceeds of debtors' 1985 crops in the amount of $72,447.22 that have been placed in the custody of this Court. Defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.