**In re Donald Myron CRESS, Barbara Lee Cress, Debtors.**

**In re UNITED STATES of America, acting Through the FARMERS HOME ADMINISTRATION, Plaintiff,**

**v.**

**Donald Myron CRESS; Barbara Lee Cress; the First State Bank of Kingman; Edward J. Nazar, Trustee, Defendants.**

**Bankruptcy No. 87–11854.
Adv. No. 87–0343.**

United States Bankruptcy Court,
D. Kansas.

July 15, 1988.

Clifford L. Bertholf, Wichita, Kan., for debtors.

Emily B. Metzger, Asst. U.S. Atty., Wichita, Kan., Trustee, for FmHA.

David D. Gaumer, Kingman, Kan., for First State Bank.

Edward J. Nazar, Redmond, Redmond, & Nazar, Wichita, Kan., Chapter 12 standing trustee, pro se.

## MEMORANDUM OF DECISION

JOHN K. PEARSON, Bankruptcy Judge.

This adversary is before the Court for a determination of the priority between two competing security interest holders in personal property. Debtors appear by Clifford L. Bertholf. Plaintiff, United States of America, appears by Emily B. Metzger, Assistant U.S. Attorney. Defendant, The First State Bank of Kingman, appears by David D. Gaumer. The Chapter 12 standing trustee, Edward J. Nazar, appears personally.

## FACTS

The parties have stipulated to the following facts:

1. On May 18, 1983 the United States of America, acting through the Farmers Home Administration (FmHA), made a loan to the debtors, Donald M. Cress and Barbara L. Cress, evidenced by a promissory note in the principal amount of $100,000.00 together with interest at the rate of ten and one-quarter percent (10.25%) per annum.

2. This debt was rescheduled by the parties on February 7, 1985 in the principal sum of $105,634.55 together with interest at a rate of seven and one-quarter percent (7.25%) per annum. The note was to be repaid in installments as follows: The first installment was due on January 1, 1986 in the amount of $11,738.00. The second installment was due on January 1, 1987 in the same amount. Thereafter, $11,738.00 was to be paid on January 1 of each year until all the principal and interest were fully paid.

3. On May 18, 1983 debtors executed and delivered to FmHA a security agreement granting the FmHA a security interest in certain of the debtors' crops, including the proceeds and products of the debtors' 1987 wheat crop which is the subject of this dispute.

4. FmHA filed a financing statement in the office of the Register of Deeds of Kingman County, Kansas on May 12, 1983.

5. As of July 2, 1987 debtors had made no payments to FmHA on the above mentioned promissory note.

6. On August 19, 1986 debtors executed and delivered a promissory note (Loan No. 51433) payable to the State Bank of Kingman (Bank) in the principal sum of $3,000.00, together with interest at a rate of eleven percent (11%) per annum on the unpaid balance.

7. The proceeds of Loan No. 51433 were used by debtors within three months of obtaining the loan for the purpose of planting their 1987 wheat crop.

8. On October 25, 1986 debtors executed and delivered a promissory note (Loan No. 51902) payable to the Bank in the principal sum of $8,350.00 at an interest rate of eleven percent (11%) per annum on the unpaid balance.

9. A cash advance of $3,850.00 from Loan No. 51902 was used by the debtors for seed wheat, fuel and fertilizer expenses incurred in the planting of debtors' 1987 wheat crop.

10. To secure repayment of those notes debtors granted the Bank a security interest in crops growing or to be grown on certain described real estate.

11. The Bank filed a financing statement in the office of the Secretary of State for the State of Kansas on December 3, 1986.

12. The debtors began planting their 1987 wheat crop on September 23, 1986, and completed planting the crop on November 10, 1986.

13. On February 4, 1987 the debtors renewed their two loans with the Bank.

14. The debtors are indebted to the Bank in the amount of $285,476.30 including principal and interest as of July 2, 1987.

15. The debtors are indebted to FmHA in the principal amount of $105,726.79 together with interest in the amount of $18,359.92 as of July 2, 1987, plus interest thereafter at a rate of $21.00 per day.[1]

## CONCLUSION OF LAW

16. The Bank is entitled to a priority claim ahead of FmHA for $6,850.00 plus interest at the contract rate to the wheat or its proceeds.

## DISCUSSION

The FmHA seeks a determination as to which party's perfected security interest has priority under the provisions of the U.C.C. governing priority among conflicting security interests in the same collateral. The issue presented is whether the

1. The parties, in their stipulated facts, have not provided the Court with information as to the current whereabouts of the harvested 1987 wheat crop or the proceeds therefrom.

Bank has an enforceable lien under state law on the proceeds of the sale of the debtors' 1987 wheat crop superior to the lien of the FmHA.

■ At the outset the Court notes that Kansas law applies in cases dealing with the perfection of security interests in collateral in this state's jurisdiction. *See, e.g., First National Bank of Amarillo v. Southwest Livestock, Inc.,* 616 F.Supp. 1515 (D.C.Kan.1985). In the present case the Bank concedes that the FmHA, because its lien attached and its financing statement was filed first, has a first and prior lien on the debtors' crops. K.S.A. 84–9–312(5)(a). The Bank argues, however, that it is entitled to priority as a crop production lender for that portion of its debt which was new value given not more than three months before the crops were planted to enable the farmer to produce the crops. K.S.A. 84–9–312(2). Accordingly, the Bank claims a priority in $6,850.00 of its $285,476.30 claim.

K.S.A. 84–9–312(2) provides:

A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three months before the crops become growing crops by planting or otherwise takes priority over an earlier perfected security interest *to the extent that* such earlier interest secures obligations due more than six months before the crops become growing crops by planting or otherwise, even though the person giving new value had knowledge of the earlier security interest. [Emphasis supplied.]

This section is a type of purchase money security interest in that it gives priority to a crop production lender over a prior perfected security interest in the same collateral. However, the statute applies only in very limited situations. In order to obtain priority the crop production lender must meet the following requirements:

1. The crop production lender must give "new value" in the form of a loan or a credit sale.

2. The credit given must be to enable the farmer to produce the crops during the current production season.

3. The value must be given not more than three months before the crops were planted.

4. The obligation owing to the earlier perfected secured party must be overdue more than six months before the crops become growing.

5. Further, knowledge by the crop production lender of the prior perfected security interest is irrelevant.

K.S.A. 84–9–312(2); *see also* B. Clark, *The Law of Secured Transactions Under the Uniform Commercial Code,* ¶ 8.5[2][c] at 8–54 (1980).

The FmHA argues that the Bank cannot have a priority claim because when it renewed the original loans of the debtors no new value was given. The Court does not agree.

The loans for which priority is sought were originally executed on August 19, 1986 and October 25, 1986, and the proceeds were apparently used to plant the 1987 wheat crop within three months. On February 4, 1987, after the 1987 wheat crop was planted, the Bank and debtors renewed these two notes. When the original notes were executed by the debtors, $6,850.00 was advanced in cash to pay for production costs. Regardless of any subsequent renewal between the parties, the original loans advanced to debtors were for new value. The "purchase money" status of K.S.A. 84–9–312(2) is not affected by the subsequent renewal. *Cf. In re Billings,* 838 F.2d 405 (10th Cir.1988). Thus, the first requirement of K.S.A. 84–9–312(2) is satisfied.

■ The FmHA next argues that the Bank cannot have a priority claim because only part of the debtors' installment loan to the FmHA was more than six months overdue before the 1987 wheat crop became growing. The FmHA claims the requirement that the debt be more than six months overdue is thus not met. K.S.A. 84–9–312(2) requires that the prior obligation be due and owing more than six months before the crops were planted.

The language of the subsection is clear and unambiguous: the crop production lender has priority over a prior perfected secured party "to the extent that" the obligation due the prior perfected secured party is overdue more than six months "before the crops become growing." The FmHA loan to debtors is an installment loan. Although one of the installments was not more than six months past due when the 1987 wheat crop was planted, one of the contract installments was past due. On January 1, 1986 the debtors became obligated to FmHA in the amount of $11,-783.00. This amount was never paid. On January 1, 1987 debtors' obligation on the installment note increased an additional $11,783.00. The debtors' 1987 wheat crop became growing between September 23, 1986 and November 10, 1986. The statute makes no distinction between the entire obligation or a portion thereof. It merely states that the *obligation* must be due[2] more than six months before the crops become growing. When the statute fails to make such a distinction the Court sees no reason why caselaw should. To hold that the *entire* debt must be past due would render the statute meaningless and deny farmers necessary production credit. FmHA could have declared the entire debt due when the January 1986 payment was missed. The Court holds as a matter of law that an installment payment overdue more than six months satisfies the requirements of K.S.A. 84–9–312(2). *Contra United States v. Minster Farmers Co-operative Exchange, Inc.,* 430 F.Supp. 566 (D.C.N.D.Ohio 1977); *In re Smith,* 82 B.R. 62 (Bankr.S.D.Ill.1988) (effect of one installment debt coming due within six-month time frame although others were due outside six-month term destroys crop production lender's priority status).

The facts of this case appear to be similar to those of *In re Connor,* 733 F.2d 523 (8th Cir.1984). In that case, both the FmHA and a crop production lender held a perfected security interest in certain crops of the debtor. The debtor was less than six months overdue on the annual installment payment due the FmHA when the 1981 crop was planted. In the ensuing bankruptcy proceeding both parties claimed an interest in proceeds from the sale of debtor's 1981 crop. The court ruled that because the obligation to creditor was less than six months overdue when the 1981 crop was planted and the other installments were not yet due at all, the FmHA had priority because one of the requirements of Ark.Stat.Ann. § 85–9–312(2) was not met.

The FmHA has cited *Connor, supra* as controlling in its favor.[3] In *Connor,* however, the debtor's past due *installment* payments were not more than six months overdue when the debtor's crop was planted, therefore, the FmHA was entitled to priority over the crop production lender. Here, however, the debtors' installment payment was more than six months overdue. The Bank, accordingly, has a superior right to the proceeds of debtors' 1987 wheat crop in the amount of $6,850.00 as a crop production lender under K.S.A. 84–9–312(2). *Accord In re Connor, supra.*

As a first in time perfected lender, the remainder of FmHA's perfected security interest is entitled to priority under K.S.A. 84–9–312(5)(a). Thus, the Court orders that the Bank be awarded $6,850.00 plus interest on its claim against the proceeds of the debtors 1987 wheat crop.

The foregoing constitutes findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a) and Fed.R.Bankr.P. 7052. A separate judgment will be entered

**2.** For purposes of this section "due" means "overdue." *In re Smith,* 82 B.R. 62 (Bankr.S.D. Ill.1988); *In re Connor, supra,* 733 F.2d at 525; *United States v. Minster Farmers Co-operative Exchange, Inc., supra,* 430 F.Supp. at 570.

**3.** There is some discrepancy as to whether there were past due obligations which were more than six months overdue in *Connor.* From a reading of the case the Court finds that there

are insufficient facts to support such a conclusion. The case simply states "[W]e find that Connor's obligation to repay the FmHA was not more than six months overdue when Connor's 1981 rice crop became a growing crop." The facts there are insufficient to support FmHA's claim that there were also other installment payments overdue beyond the statutory six-month period. *But see In re Smith, supra.*